UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ERIC WHITE,<br><br>      Plaintiff,<br><br>v.<br><br>CHAMPION HOME BUILDERS, INC.,<br><br>      Defendant. | **Civil Action File No.** CV 522-073<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Eric White ("Mr. White" or "Plaintiff") files this Complaint against Defendant Champion Home Builders, Inc. as follows:

1. This is a complaint for race discrimination and retaliation in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter, which arises under federal law, pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because the violations of Plaintiff's rights alleged herein were committed in this division of this judicial district.

## PARTIES

4. Mr. White is a former employee of Defendant. Mr. White is a citizen and resident of the State of Georgia and submits himself to the jurisdiction of this Court. At all times relevant to this Complaint, Mr. White was an "employee" as defined by Title VII.

5. Defendant Champion Home Builders, Inc. ("Defendant" or "Champion") is a Delaware corporation authorized to conduct business in the State of Georgia. Champion was Mr. White's "employer" as defined by Title VII.

6. Champion can be served with the summons and complaint by personal service of its registered agent, C T Corporation System, at 289 South Culver Street in Lawrenceville, Georgia.

7. This Court has personal jurisdiction over Defendant.

## ADMINISTRATIVE PROCEDURES

8. Mr. White timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts alleged herein.

9. The EEOC issued a "Notice of Right to Sue" on September 16, 2022.

10. This action has been commenced within 90 days of Mr. White's receipt of the EEOC's "Notice of Right to Sue."

- 3 -

11. Mr. White has exhausted his administrative remedies with respect to the claims asserted herein.

## FACTUAL ALLEGATIONS

12. Mr. White began employment with Champion's predecessor corporation, ScotBilt Homes, LLC, in or about May 2020. He worked as a "top finisher" at Champion's manufacturing facility in Waycross, Georgia.

13. Mr. White is African American.

14. On several occasions in 2022, Mr. White's supervisor, Gary Newberry ("Newberry"), used racially derogatory language towards Mr. White. For example, on one occasion, Newberry admonished Mr. White to get his "black ass back to work." Newberry also repeatedly referenced another African American employee as Mr. White's mother because they are both "tall and black."

15. Mr. White reported Newberry's use of racially derogatory language to the plant manager, Ron Burkett ("Burkett"). However, Burkett did not admonish or discipline Newberry in any way.

16. Following Mr. White's complaints of race discrimination and racial harassment, Champion terminated his employment on May 25, 2022.

17. Champion terminated Mr. White because he allegedly destroyed company property by allowing paint to drip on the floor while painting the interior of a premanufactured home.

18. Contrary to Champion's allegations, Mr. White did not drip paint on the floor while painting the interior of a premanufactured home.

19. Additionally, other employees who did drip paint on the floor while painting the interior of a premanufactured home were treated more favorably than Mr. White, i.e., they were not terminated. These other employees were not African American, and they had not complained of racial harassment in the workplace.

## SUBSTANTIVE CLAIMS

**Race Discrimination and Retaliation in Violation of Title VII and Section 1981**

20. By this reference, Plaintiff incorporates his factual allegations above as if fully set forth herein.

21. Title VII and Section 1981 prohibit employers from taking adverse employment actions against an employee because of the employee's race. Further, Title VII and Section 1981 prohibit employers from taking adverse employment actions against an employee in response to the employee's complaints of race discrimination or racial harassment.

22. As shown above, Defendant terminated Mr. White based on a false allegation that he destroyed company property.

23. Defendant violated Title VII and Section 1981 by terminating Mr. White because of his race and in retaliation for Mr. White's complaints of race discrimination and racial harassment.

24. Defendant's violations of Title VII and Section 1981 were willful, knowing, malicious, or carried out with reckless disregard for their lawfulness.

25. Defendant is liable for all damages resulting from its violations of Title VII and Section 1981, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

Plaintiff respectfully requests that a trial by jury be had on all issues for which a jury trial is permitted under law and the following additional relief:

a. That damages be awarded against Defendant to compensate Plaintiff for the injuries suffered because of Defendant's actions, including back pay, front pay, compensatory damages, punitive damages, and unpaid wages, in amounts to be determined by the jury;

b. That attorneys' fees and expenses of litigation be awarded to Plaintiff;

c. That pre-judgment and post-judgment interest be awarded; and

d. That the Court award such other equitable or monetary relief as the Court deems just and proper.

- 6 -

     Respectfully submitted on December 14, 2022.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com