# In the United States District Court for the Southern District of Georgia Waycross Division

ERIC WHITE,

    Plaintiff,

v.

CHAMPION HOME BUILDERS, INC.,

    Defendant.

5:22-CV-073

## ORDER

Before the Court are Plaintiff Eric White's motion for reconsideration and motion for leave to proceed in forma pauperis on appeal. Dkt. Nos. 40, 42.

On January 18, 2024, the Court granted Defendant Champion Home Builders, Inc.'s motion for summary judgment, effectively closing this case. Dkt. No. 38. Judgment was entered the following day. Dkt. No. 39. On January 25, 2024, Plaintiff filed a motion for reconsideration of the Court's summary judgment Order. Dkt. No. 40. On the same day, however, Plaintiff filed a notice of appeal, appealing the Court's Order on the motion for summary judgment, as well as a motion for leave to proceed in forma pauperis on appeal. Dkt. Nos. 41, 42.

In general, the filing of a notice of appeal divests the district court of jurisdiction "over those aspects of the case

involved in the appeal." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010). "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999).

Here, the issues in Plaintiff's motion for reconsideration are the same as those on appeal. Compare Dkt. Nos. 38, 40, 42. As such, this Court is without jurisdiction to address Plaintiff's motion for reconsideration. Thompson, 610 F.3d at 638 n.14. Accordingly, Plaintiff's motion for reconsideration, dkt. no. 40, must be **DISMISSED**.

As for Plaintiff's motion for leave to proceed in forma pauperis on appeal, dkt. no. 42, that motion, too, must be **DENIED**.

Rule 24(a) of the Federal Rules of Appellate Procedure provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) **states the issues that the party intends to present on appeal.**

Fed. R. App. P. 24(a) (emphasis added).

2

> An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; see Coppedge v. United States, 369 U.S. 438 . . . (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. See Coppedge, 369 U.S. 438 . . . ; see also United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990).

DeSantis v. United Techs. Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998), aff'd sub nom. DeSantis v. United Techs., 193 F.3d 522 (11th Cir. 1999). "The Petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous." Id. at 1289 (collecting cases). "The good-faith test under § 1915 must not be converted into a requirement of a preliminary showing of any particular degree of merit, and the district court must grant leave to appeal in forma pauperis unless issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." Id. (citations omitted). "Determination of good faith necessitates an inquiry into the appeal's merits, but such inquiry is limited to whether appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated." Id. (citing Jones v. Frank, 622 F. Supp. 1119 (W.D. Tex. 1985)). "Application may be denied if it appears—objectively—that the appeal cannot succeed as a matter of law." Id. (citations omitted).

"In deciding whether an in forma pauperis appeal is frivolous under § 1915(e), the district court determines whether there is 'a

3

factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" Id. at 1290 (quoting Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991)). "A district court should order a § 1915(e) dismissal only when an appeal lacks 'arguable merit.'" Id. (citing Harris v. Menendez, 817 F.2d 737, 739 (11th Cir. 1987)). "'Arguable' is defined as capable of being convincingly argued." Id. (citing Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)).

In his motion for leave to proceed in forma pauperis on appeal, dkt. no. 42, Plaintiff fails to "state[] the issues that [he] intends to present on appeal," as required by Federal Rule of Appellate Procedure 24(a). Similarly, in his Notice of Appeal, Plaintiff rehashes evidence he submitted—which the Court analyzed in its summary judgment Order. Dkt. No. 41. He neither makes legal arguments nor identifies any error in the Court's reasoning. Based on these filings, the Court can discern no "factual and legal basis, of constitutional dimension, for the asserted wrong." DeSantis, 15 F. Supp. 2d at 1290. Because Plaintiff's appeal lacks arguable merit, id., his motion for leave to proceed in forma pauperis is **DENIED**.

**SO ORDERED**, this 30 day of January, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA